[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2011
JOHN LEY
CLERK

No. 11-11331
Non-Argument Calendar

D. C. Docket No. 1:10-cv-00062-WLS

JOSHUA WAYNE SUTTON,

Plaintiff-Appellant,

versus

GEORGIA CORRECTIONAL INDUSTRIES,
BOB RICHARDSON,
MARK SHARP,
CLIVE OLIVER,
OFFICER CHILDS,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Georgia

(August 5, 2011)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

In his complaint in this case, Joshua Sutton claimed that, while he was working as a prison inmate at a boot plant operated by Georgia Correctional Industries ("GCI"), he suffered hand injuries due to the conduct of three GCI employees, Mark Sharp, Cliff Oliver, and Officer Childs,[1] and that such conduct constituted cruel and unusual punishment, in violation of the Eighth Amendment (as applicable to the States under the Due Process Clause of the Fourteenth Amendment). Sutton sought compensatory and punitive damages against GCI and the three men under 42 U.S.C. § 1983. He also sought compensatory damages under Georgia tort law for negligence.

GCI moved the district court to dismiss Sutton's complaint on the ground of Eleventh Amendment immunity. The three men moved for dismissal on the ground that the complaint failed to allege a constitutional violation and that, if it did, they were entitled to qualified immunity. The district court, in a comprehensive order dated March 10, 2011, granted all the motions; it dismissed GCI as immune from suit and the three men on the ground that the complaint

---

[1]    According to the complaint, as Sutton was operating a rubber mill, his glove and then his right hand were pulled into the mill's rollers. Sharp, Oliver, and Childs, were summoned to the scene by another inmate and rebooted the mill to dislodge Sutton's hand from the rollers. Sutton lost three fingers and the feeling in his right hand as a result of the episode.

2

failed to state an Eighth Amendment violation. The court declined to entertain the negligence claim and dismissed it without prejudice.

Sutton now appeals. We find no merit in the appeal. For the reasons stated in the district court's March 10 order, GCI was entitled to Eleventh Amendment immunity, and that the complaint failed to state an Eighth Amendment claim against the men.

AFFIRMED.